IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELECTROCRAFT ARKANSAS, INC.,    *
    *
    Plaintiff,    *
    *
vs.    *    No. 4:09cv00318 SWW
    *
    *
    *
SUPER ELECTRIC MOTORS, LTD and    *
RAYMOND O'GARA, INDIVIDUALLY    *
AND AS PARTNER AND AGENT OF    *
SUPER ELECTRIC MOTORS, LTD,[1]    *
    *
    Defendants.    *

ORDER

    Electrocraft Arkansas, Inc. (Electrocraft), a Delaware corporation doing business in the

State of Arkansas, brings this action against Super Electric Motors, Ltd (Super Electric), a

business entity formed under the laws of Hong Kong (with manufacturing facilities located in

Shenzhen, China), asserting the following claims in connection with allegedly defective

refrigerator motors that Electrocraft purchased from Super Electric: violations of the United

Nations Convention on Contracts for the International Sale of Goods (CISG); violations of

Article 2 of the Uniform Commercial Code (UCC), codified in Ark. Code Ann. §§ 4-2-101 *et

seq.*; breach of express warranty; breach of implied warranty of merchantability;

negligence/strict liability; violations of the Arkansas Deceptive Trade Practices Act (ADTPA),

codified in Ark. Code Ann. §§ 4-88-101 *et seq.*; tortious interference with a business expectancy;

and unjust enrichment and restitution.  Super Electric has counterclaimed against Electrocraft

---

[1] Separate defendant Raymond O'Gara has been voluntarily dismissed from this action.

under the CISG and seeks judgment against Electrocraft for unpaid invoices in the amount of $1,126,077.92 and lost profits in excess of $1,000,000.

By Memorandum and Order entered December 23, 2009 [doc.#23], the Court granted in part and denied in part a motion of Super Electric to dismiss Electrocraft's complaint.  The Court determined that (1) the CISG is the applicable law in this action; (2) Electrocraft's complaint, asserting violations of the CISG, sets forth sufficient facts to state a claim upon which relief can be granted under the CISG; (3) the CISG preempts and subsumes the breach of express and implied warranty claims under Article 2 of the Arkansas UCC contained in counts two and three of Electrocraft's complaint; (4) the CISG preempts and subsumes the negligence/strict liability claim in count four of Electrocraft's complaint; (5) the ADTPA claim in count five of Electrocraft's complaint is not preempted by the CISG and the ADTPA is not limited to actions brought by consumers; (6) the tortious interference with business expectancy claim in count six of Electrocraft's complaint is not preempted by the CISG and Electrocraft has pled facts to meet the elements of such a cause of action; and (7) the unjust enrichment and restitution claims in count seven of Electrocraft's complaint are preempted and subsumed by the CISG.  *See Electrocraft Arkansas, Inc. v. Super Electric Motors, Ltd*, No. 4:09cv00318 SWW, 2009 WL 5181854 (E.D.Ark. Dec. 23, 2009).

The following motions are now before the Court: (1) motion of Super Electric for summary judgment on its counterclaim under the CISG [doc.#30]; and (2) motion of Electrocraft for summary judgment on its claims under the CISG [doc.#43].  As the parties are aware, the Court is awaiting additional briefing on these motions prior to issuing a ruling.  *See* Order entered March 31, 2010 [doc.#46].  In the meantime, however, the Court wishes to alert the

parties to a decision that may impact these proceedings.

In concluding that the CISG is the applicable law in this action, the Court determined, based on the reasoning of the Northern District of Illinois, that the Peoples Republic of China ratified the CISG in 1986 and that Hong Kong is a Contracting State under the CISG. *See Electrocraft*, 2009 WL 5181854, at *3 (citing *CNA International v. Guangdon Kelon Electronical Holdings, et al*., No. 05 C 5734 (N.D.Ill. filed Sept. 3, 2008)). The Court noted that as neither Electrocraft nor Super Electric have opted out of the CISG with respect to the contract at issue in this action and both parties have their places of business in different Contracting States under the Convention, the CISG is the applicable law in this action. *See id*.[2] However, after this Court prepared its Memorandum and Order in *Electrocraft* (but prior to its entry), the Northern District of Georgia, utilizing reasoning in direct contrast to that of the Northern District of Illinois, determined that Hong Kong is not a Contracting State under the CISG and therefore the CISG did not apply to the plaintiff's breach of contract action. *See Innotex Precision Limited v. Horei Image Products, Inc*., — F.Supp.2d —, 2009 WL 5174736, at *2 (N.D.Ga. Dec. 17, 2009).[3]

Prior to addressing the parties' motions for summary judgment, the Court wanted to alert the parties to *Innotex Precision* and the real possibility that the CISG is not in fact the governing law in this action. The parties may wish to address *Innotex Precision* in supplemental pleadings to their motions for summary judgment or, perhaps, the parties might decide to resume their

---

[2] The Court was not aware of any American judicial authority to the contrary when it drafted its Memorandum and Order in *Electrocraft*.

[3] In so ruling, the court erroneously noted that "no American court has addressed whether Hong Kong is a Contracting State" under the CISG. *Id*. at *3.

settlement negotiations, for which they previously were scheduled for a settlement conference before a Magistrate Judge.  Regardless, the Court directs that the parties file a pleading within twenty (20) days of the date of entry of this Order, addressing the impact, if any, of *Innotex Precision* on these proceedings and how they wish to proceed.

IT IS SO ORDERED this 2nd day of April 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE